[Civ. No. 1496.    Second Appellate District.—May 19, 1914.]

## UNITED STATES NATIONAL BANK OF LOS ANGELES (a Corporation), Appellant v. C. E. JONES et al., Respondents.

Statute of Limitations—Failure to Plead in Action on Note—Finding as to Bar of Cause.—A finding in an action on a promissory note that the cause of action is barred by the statute of limitations, when the statute has not been pleaded, is reversible error.

APPEAL from a judgment of the Superior Court of Los Angeles County.    Albert Lee Stephens, Judge *pro tem.*

The facts are stated in the opinion of the court.

Flint, Gray & Barker, Rupert B. Turnbull, Carroll Allen, and Bertin A. Weyl, for Appellant.

Tipton & Cailor, for Respondents.

JAMES, J.—Suit on a promissory note alleged to have been executed by respondents and four others. In the original complaint filed by plaintiff it was alleged that the defendants were copartners doing business under the name of Victorville Reduction Company. The note was signed thus: "Victorville Reduction Company per Scott Newcomer." An amendment to the complaint was filed, for the purpose, as is recited in the order allowing such amendment to be made, to make the complaint "conform to facts proved." By the amendment the cause of action was changed from one upon the note to one in form a common count for money loaned. In the findings filed by the judge *pro tem.* it was recited that plaintiff had dismissed its action as against all of the defendants first named excepting the two respondents here. The judgment was in favor of the respondents, from which plaintiff appealed. The appeal is presented upon the judgment-roll alone.

Among the findings is one that the cause of action is barred by the statute of limitations. The bar of the statute was not pleaded either in the answer filed to the original com-

plaint or that stipulated to be considered as made to the amendment to the complaint. It is urged by the appellant that on the findings of fact as made, plaintiff was entitled to judgment. The findings as to the facts other than that the bar of the statute had interposed, are confusing and indefinite. It will not be necessary to discuss them in detail or with particularity, because the judgment must be reversed for the reason that the court found in favor of respondents as to the bar of the statute of limitations, when there was no issue as to such limitation having interposed. Even though it might here be concluded, as appellant contends, that a copartnership was sufficiently found to have existed between the respondents and Newcomer at the time the debt was incurred, which is not at all clear, this court cannot change findings of fact and direct a different judgment to be entered thereon. The case should be retried and the facts found anew.

The judgment is reversed.

Conrey, P. J., and Shaw, J., concurred.